UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY JEROME RHODEN,

        Petitioner,

v.                                          CASE NO. 09-12133
                                              HONORABLE NANCY G. EDMUNDS

MICHIGAN PAROLE BOARD,

        Respondent.

_____/

## ORDER OF DISMISSAL

### I. Introduction

Petitioner Larry Jerome Rhoden has filed a *pro se* habeas corpus petition under 28 U.S.C. §§ 2241 and 2254.  He alleges that he was convicted of unarmed robbery in 1996 and sentenced to imprisonment as a habitual offender for four to twenty-two and a half years.  The Michigan Parole Board declined to release Petitioner on parole in 2005, in 2007, and on April 30, 2009, even though Petitioner's parole guidelines score calculates to "a high probability of parole."  The Parole Board's reasons for denying parole were:  Petitioner's failure to understand his assaultive behavior and to internalize principles of non-violence; his lack of remorse and lack of empathy for the victim; and the fact that he still posed a "huge" risk to the public.  Despite the Parole Board's articulation of these reasons for departing from the parole guidelines, Petitioner alleges that the Parole Board failed to provide him with substantial and compelling reasons for denying parole.  According to him, the lack of substantial and compelling reasons for

denying parole violates Mich. Comp. Laws § 791.233e(6) and his constitutional right to due process. Petitioner also alleges that the Michigan Department of Corrections failed to comply with the Michigan Administrative Procedures Act when enacting its administrative rules and parole guidelines.

## II. Discussion

The contention that the Parole Board violated Mich. Comp. Laws § 791.233e(6) lacks merit because "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). In conducting habeas review, a federal court is limited to deciding whether the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

Also without merit is Petitioner's claim that the Michigan Department of Corrections violated the Michigan Administrative Procedures Act when implementing its administrative rules and parole guidelines. Even if Petitioner is correct, the State's failure "to follow its own policies and procedures does not amount to a constitutional violation." *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005).

Petitioner's constitutional argument is that the Parole Board's failure to provide substantial and compelling reasons for denying him parole violated his right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution. The Supreme Court explained in *Wilkinson v. Austin*, 545 U.S. 209 (2005), that

> [t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these

> interests is at stake. A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word "liberty," or it may arise from an expectation or interest created by state laws or policies.

*Id.* at 221 (internal and end citations omitted).

There is no constitutional right to be released on parole, *Greenholtz v. Inmates of the Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7 (1979), and in Michigan, "a prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(11); *see also Hopkins v. Michigan Parole Bd.*, 604 N.W.2d 686, 691 (1999) (stating that "specific determinations whether to release prisoners on parole rest within the Parole Board's discretion"). Therefore, Michigan's parole statute does not create a protected liberty interest in release on parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). The fact that the State "holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11 (emphasis in original). "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)). Thus, Petitioner's right to due process was not violated by the denial of parole, and his petition for a writ of habeas corpus [Dkt. #1] is summarily **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

                            s/Nancy G. Edmunds
                            Nancy G. Edmunds
                            United States District Judge

Dated: August 27, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 27, 2009, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager